**UNITED STATES ATTORNEY'S OFFICE**
PAUL J. FISHMAN
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102-2535
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re*<br><br>VALERIE C. MUHAMMAD<br>a/k/a VALERIE C. WILLIAMS-MUHAMMAD<br>a/k/a VALERIE C. WILLIAMS,<br><br>Debtor. | Chapter 13<br><br>Case No. 16-30227-JKS<br><br>Judge: John K. Sherwood<br><br>**Hearing Date: January 12, 2017**<br>**Hearing Time: 9:00 a.m.** |

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION**
**OF DEBTOR'S CHAPTER 13 PLAN**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to confirmation of the above-captioned debtor's Chapter 13 Plan (the "Plan") [ECF Doc No. 8]. In support thereof, the Service respectfully represents as follows:

**RELEVANT BACKGROUND**

1.  Valerie Muhammad (the "Debtor") filed a voluntary petition under chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on October 23, 2016 (the "Petition Date") [ECF Doc. No. 1].

2. The Debtor has unpaid federal income tax liabilities for numerous tax years. The Debtor has also failed to file Form 1040 income tax returns for tax years 2010, 2011, 2012, 2013 and 2014.

3. The Service filed a proof of claim against the Debtor setting forth total claims of $61,221.50 (the "Service Claim"), comprised of (i) an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $18,235.86[1] (the "Priority Claim"); and (iii) an unsecured non-priority claim of $42,985.64. *See* Claim No. 1-2.

4. For the reasons described below, the Plan is not confirmable.

### OBJECTION

**A. The Plan is Not Confirmable with Respect to the Service's Priority Claim**

5. With respect to claims entitled to priority under Bankruptcy Code section 507(a)(8), a chapter 13 plan must "provide for the full repayment, in deferred cash payments . . . unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2). Here, the Plan fails to specify whether the full amount of the Priority Claim will be paid. *See* Plan at 3 (stating the amount to be paid on the Priority Claim is "$0" or "unknown"). To the extent the Plan fails to provide less than full payment of the Priority Claim, it cannot be confirmed under Bankruptcy Code section 1322(a)(2).

**B. The Plan is Generally Unconfirmable Based on Debtor's Failure to File Tax Returns**

6. As noted above and in the Service Claim, the Debtor failed to file required federal tax returns for quarters within tax years 2010 through 2014. Pursuant to Bankruptcy Code section 1308(a), the Debtor was required to file all tax returns due within four years of the

---

[1] This amount is estimated because, as noted above, the Debtor has failed to file tax returns for multiple tax years entitled to priority under Bankruptcy Code section 507(a)(8).

Petition Date (*i.e.*, tax years 2012, 2013 and 2014) prior to the date on which her section 341(a) meeting of creditors was first scheduled (*i.e.*, December 6, 2016). 11 U.S.C. § 1308(a). The Debtor has failed to comply with Bankruptcy Code section 1308 by filing the required returns. This failure renders the Plan unconfirmable under Bankruptcy Code section 1325(a)(9), which requires, as a prerequisite to confirmation, compliance with section 1308. 11 U.S.C. § 1325(a)(9).

7. The Debtor's failure to file returns due outside the time period covered by section 1308 (*i.e.*, tax years 2010 and 2011) also renders the Plan uncomfirmable under Bankruptcy Code section 1325(a)(3). That section requires that a plan be "proposed in good faith and not by means forbidden by law." 11 U.S.C. § 1325(a)(3). The Debtor's failure to file *all returns* necessary for the Service to calculate its claim precludes the Debtor from meeting this requirement. *In re Weik*, 526 B.R. 829, 835 (Bankr. D. Mont. 2015) ("Debtor's attempt to repay some obligations by means of a chapter 13 plan without having filed *all required tax* returns is contrary to § 1325(a)(3)'s requirement that the plan be proposed 'not by any means prohibited by law.'" (emphasis added)).

8. Thus, until all of the Debtor's missing returns are filed, the Plan cannot be confirmed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan until such time as the above-referenced defects in the Plan are cured; and (ii) grant any other and further relief that the Court deems just and proper.

3

Dated: January 5, 2017

            PAUL J. FISHMAN
            United States Attorney

            */s/ Eamonn O'Hagan*
            EAMONN O'HAGAN
            Assistant U.S. Attorney

            *Attorneys for the United States of America*